IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD CHRISTOPHER ASHE, # 244457, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:14cv375-WHA |
| KARLA JONES, *et al*., ) | (WO) |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Richard Christopher Ashe ("Ashe") on March 12, 2014.[1] Doc. No. 1. Ashe presents claims challenging the constitutionality of his 2005 convictions in the Circuit Court of Crenshaw County, Alabama, on charges of first-degree sexual abuse and third-degree assault. The respondents (Doc. No. 7) argue that Ashe's petition is time-

---

[1] Although the petition was stamped as received in this court on May 21, 2014, Ashe represents that he delivered the petition to prison officials for mailing on March 12, 2014. Doc. No. 1 at 15. The reason for the delay between delivery of the petition to prison officials and its receipt by this court is unexplained. The court will assume that Ashe delivered his petition to prison officials for mailing on March 12, 2014. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Ashe] signed it." A *pro se* inmate's petition is deemed filed the date it is delivered to prison offials for mailing. *See Barbour v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

barred by the one-year federal limitation period.  *See* 28 U.S.C. § 2244(d).[2]  Upon review of the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that Ashe's petition should be denied as untimely.

## II.  DISCUSSION

Title 28 U.S.C. § 2244(d) states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  This Act became effective on April 24, 1996.

28 U.S.C. § 2244(d).

*State Court Proceedings*

Exhibits submitted by the respondents reflect that in October 2005, in the Circuit Court of Crenshaw County, Alabama, a jury found Ashe guilty of first-degree sexual abuse and third-degree assault. Ex. 1-Vol 1 at 2-4. On December 20, 2005, the trial court sentenced Ashe to 10 years in prison for the sexual abuse conviction and to six months for the assault conviction. *Id*. Ashe appealed, and on June 16, 2006, the Alabama Court of Criminal Appeals affirmed by memorandum opinion. Ex. 5. Ashe applied for rehearing, which was overruled on July 7, 2006. Exs. 6 and 7. Ashe did not petition the Alabama Supreme Court for certiorari review, and, on July 26, 2006, the Alabama Court of Criminal Appeals entered a certificate of judgment in the case. Ex. 8. Thereafter, Ashe filed two petitions for post-conviction relief under Ala. R. Crim. P. 32 – the first on August 1, 2007, and the second on August 29, 2012. *See* Exs. 9 and 15. Relief was denied on both petitions.

*Application of Federal Limitation Period*

Ashe's conviction became final on July 26, 2006, the date on which the Alabama Court of Criminal Appeals entered its certificate of judgment, concluding direct review. *See Pugh v. Smith*, 465 F.3d 1295, 1299-300 (11th Cir. 2006). As a result, Ashe had until July 26, 2007, to file a § 2254 habeas petition that would be considered timely under the one-year federal limitation period, absent any periods of tolling. *See* 28 U.S.C. §§ 2244(d)(1)(A) and 2244(d)(2). Ashe's two state Rule 32 petitions, however, had no tolling effect in his case,

as the first of those petitions was filed on August 1, 2007, and the second on August 29, 2012 – both dates that are after July 26, 2007, the date on which the one-year federal limitation period expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (Rule 32 petition cannot toll the one-year limitations period under § 2244(d)(2) if that period has expired prior to filing the Rule 32 petition). Thus, under 28 U.S.C. § 2244(d)(1)(A), the one-year federal limitation period expired on July 26, 2007, and Ashe's § 2254 petition filed on March 12, 2014, is untimely.

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Ashe. There is no evidence that any unconstitutional or illegal state action impeded him from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). He presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."

*Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Ashe fails to set forth any facts that demonstrate "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period. Consequently, Ashe is not entitled to equitable tolling.

Ashe argues the federal limitation period does not apply to his § 2254 petition because he raises a "jurisdictional" claim in his petition that the trial court "allowed him to be convicted of a charge not contemplated within the original indictment." *See* Doc. No. 1 at 5; Doc. No. 9 at 2. If this court were an Alabama court, that argument might have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (challenge to allegedly illegal sentence raised in a Rule 32 proceeding not barred by the statute of limitations in Ala.R.Crim.P. 32.2(c), because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court). However, there is no similar exception to the limitations period in 28 U.S.C. § 2244(d). Thus, Ashe's jurisdictional claim does not entitle him to any relief from operation of the federal statutory limitations bar.

Under the circumstances set forth above, it is apparent that the one-year limitation period in § 2244(d) expired on July 26, 2007. Because Ashe did not file his § 2254 petition until March 12, 2014, his petition is time-barred and this court may not address the merits.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and this case be dismissed with prejudice under 28 U.S.C.

§ 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before October 20, 2014.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE